UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Roadget Business PTE LTD, et al.

                          Plaintiff,

v.

                          Case No.: 1:24−cv−02015

                          Honorable Sharon Johnson Coleman

Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified on Schedule A Hereto, The

                          Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, May 1, 2024:

       MINUTE entry before the Honorable Sharon Johnson Coleman: Defendants Guangzhou Deyi Clothing Co., Ltd. d/b/a D Yi; Wan Hualin, an individual, d/b/a Hbili; Jiujiang Mengmai Network Technology Co., Ltd. d/b/a LA LA Fashion; Ye Tong, an individual, d/b/a PCMP (together, "Defendants") have presented evidence and argument in opposition to Plaintiff's motion [46] to extend the temporary restraining order ("TRO"). Defendants challenge the scope of the asset freeze ordered in the Court's original TRO [24], but otherwise make no argument against Plaintiff's requested relief. The Court therefore grants Plaintiff's motion to extend the TRO except as to the scope of the asset freeze ordered against Defendants. Plaintiff seeks an equitable disgorgement of profits, so "an order freezing Defendant's assets is within the Court's authority." Indus. Xperience, LLC v. Dance Xperience, No. 19−CV−06724, 2020 WL 1888977, at *2 (N.D. Ill. Apr. 16, 2020) (Dow, J.). Because the amount of Defendants' allegedly ill−gotten profits was unknown, the Court originally ordered all of Defendants' assets frozen. But the scope of this extraordinary restraint "must be limited only to what is reasonably necessary to secure the (future) equitable relief." Deckers Outdoor Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A, No. 13 C 07621, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013) (Chang, J.). Through a sworn declaration by counsel for Temu, the third party that froze Defendants' assets, the Court has now been presented with evidence of the Defendants' total revenue from sales of allegedly infringing products. Plaintiff has not provided any evidence in rebuttal, though it presents concerns that Defendants' evidence does not paint the full picture of potential infringement. Plaintiff's suggestion of further infringement, without more, cannot overcome Defendants'; evidence that most of the frozen funds are not related to the supposedly infringing products. Moreover, the Court finds no reason to disbelieve Temu's counsel's sworn declaration and data. The Court therefore reduces the asset freeze against Defendants to the total amount of revenue generated from the allegedly infringing products, as identified in the Temu data [60−1]. All other conditions of the TRO shall remain the same. Thus, the Court grants in part and denies in part Plaintiff's motion [46] to extend the TRO. The parties shall submit a

proposed order consistent with this ruling by 5/3/2024, and shall include a red line showing the changes between the original and modified TRO. Mailed notice. (ym)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.